UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

RAYMOND DRUMGOOLE,

              Plaintiff,                      **TRANSFER ORDER**
                                                22-CV-1021 (KAM)

      -against-

HOMELAND SECURITY, et al.,

              Defendants.
----------------------------------------------------------x

**MATSUMOTO**, United States District Judge.

On February 22, 2022, Plaintiff Raymond Drumgoole ("Plaintiff"), who was then incarcerated at the Metropolitan Detention Center ("MDC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges various constitutional claims including false arrest, false imprisonment, and speedy trial violations arising from his criminal case, *see United States v. Drumgoole*, No. 20-CR-442(DKC), which is pending in the United States District Court for the District of Maryland. Plaintiff also asserts that he is at high risk for contracting COVID-19 while at MDC. Plaintiff seeks, *inter alia*, monetary damages and his immediate release from confinement. Pending before the court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 4.) Without passing on the merits of Plaintiff's underlying claims, the Court transfers the instant

action to the United States District Court for the District of Maryland.

Under 28 U.S.C. § 1391, a civil rights action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As Plaintiff's pre-incarceration domicile appears to have been in Maryland,[1] *see* 20-CR-442, ECF No. 1 at ¶¶ 12-14, and as it appears that the majority of the allegations giving rise to Plaintiff's claims arise from a pending criminal case in the District of Maryland, venue is not proper in this Court under §§ 1391(b)(1) or 1391(b)(2). *See Urena v. Wolfson*, No. 09-CV-1107(KAM), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) ("[A] prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state."). Although the "presumption that a prisoner retains his pre-incarceration domicile is rebuttable,"

---

[1] The Court takes judicial notice of the criminal complaint in Petitioner's criminal case, 22-cr-442. *See Boykins v. Lopez*, No. 21-CV-2831 (KMK), 2022 WL 2307684, at *4 (S.D.N.Y. June 27, 2022) ("[C]ourts within the Second Circuit routinely take judicial notice of criminal complaints, indictments, and other charging instruments.") (citations omitted).

*Allen v. Mag-Ent*, No. 15-CV-6331 (WFK), 2015 WL 8770078, at *3 (E.D.N.Y. Dec. 14, 2015), Plaintiff has not "allege[d] facts sufficient to raise a substantial question about [his] intention to acquire a new domicile." *Id.* Therefore, transfer of this action is appropriate. *See* 28 U.S.C. § 1406(a).

Accordingly, the Clerk of Court is hereby directed to transfer this action to the United States District Court for the District of Maryland. 28 U.S.C. § 1391(b); § 1406(a). Plaintiff's motion for leave to proceed *in forma pauperis* is moot. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York requiring a seven-day delay is waived. The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order and the transfer order on *pro se* Plaintiff and note service on the docket.

SO ORDERED.
February 6, 2023
Brooklyn, New York

_____
Hon. Kiyo A. Matsumoto
United States District Judge

3